## Buys, Appellant, *v.* Buys.

*Divorce—Desertion—Abandonment of common habitation by husband— Conduct of wife.*

1. A husband cannot establish a willful and malicious desertion by his wife as a ground for divorce where it appears that he himself left the common habitation owned by his wife on the ground that the wife found fault with him for everything he did; that she did not treat him as a wife should; that she made him sleep on the third floor on account of his snoring, and that after her daughter was born her whole life was practically in the daughter.

2. In such a case where the husband testifies that some time after he had left the common habitation, he proposed to his wife that he would come back to her if she would treat him as a wife should, and that she declined, such a refusal on her part is not a willful and malicious desertion within the meaning of the act.

3. Where a husband testifies that after he had left the common habitation on the ground of the unkindness of his wife, and her refusal to live with him as a wife he had taken another house and requested by letter his wife to come and live with him there, he cannot establish a desertion by her unless he shows that his letter had been received by her, or that he had deposited it in the post office, or in a proper mail box properly addressed to her.

4. While the Act of June 8, 1911, P. L. 720, makes a libelant a fully competent witness to prove the fact of desertion, yet where the case rests on the uncorroborated testimony of the libelant, the courts will scrutinize it with extreme care and will require strict proof of every essential fact.

Argued Dec. 16, 1913. Appeal, No. 199, Oct. T., 1913, by plaintiff, from decree of C. P. No. 5, Phila. Co.,

Dec. T., 1912, No. 42, refusing divorce in case of Frederick C. Buys v. Harriett A. Buys. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Libel for divorce.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Thomas Ridgway,* for appellant.

No printed brief for appellee.

OPINION BY RICE, P. J., February 20, 1914:

At the time (July, 1910) the libelant and the respondent separated they were living in a house belonging to the respondent in the city of Brooklyn, New York. He testified that he was "practically forced out of the house," but, being asked what he meant by that expression, he said: "I mean my life was made so miserable for me that I had to get out of the house at that time, and she asked me for the keys and I got out—gave her the keys of the house and got out of the house." Being asked to state more explicitly what he meant by miserable treatment, he said: "Well, being found fault with, everything I did, and not being a companion for me, and not treating me as a wife should. . . . Well, she continually found fault over every earthly thing I did, and on account of my snoring she put me up in the third floor, because I woke my daughter up snoring. She had the back room on the second floor, and I was in the front room, and she complained about my snoring, and she put me up in the third story. She owned the house. Every earthly thing I did she found fault with. After my daughter was born her whole life was practically in the daughter. She was all she seemed to care for." It is too plain for argument that this testimony is insufficient to support a finding that there

was a desertion of the libelant by the respondent by turning him out of doors at the time he withdrew from her house, which was their common habitation.

As to what occurred in September, 1910, when he visited her, we quote from his testimony: "I proposed to come back if she would treat me as a wife should a husband—treat me as a husband in the full sense of the word. Q. What did she say to that? A. She declined—she said no—said a couple of words—that's all. I went back and she said the daughter was sick and she had to go upstairs to the daughter. Q. You then left the house? A. Left the house, yes, sir." The full meaning of this conditional proposal to return to her house is explained by other portions of his testimony, in which he stated that they had not had sexual intercourse for fifteen years, leaving it to be inferred that this was due to her refusal. The evident purport of his offer was that he would return if she would agree to change her course in that respect, and generally would agree to behave toward him as a wife should. Taking this testimony as a whole, it does not show an absolute refusal on the part of the respondent to permit the libelant. to again take up his abode in her house. The most that can be said of it is that it shows a refusal on her part to agree to the terms of reconciliation he proposed. When it is remembered that it was he, not she, who had withdrawn from their common habitation, it becomes quite clear that her refusal to accede to the terms upon which he proposed to return, whether justifiable or not, did not in and of itself give the libelant a cause for divorce within the true intent and meaning of the clause of the act of March 13, 1815, P. L. 286, relative to "willful and malicious desertion and absence from the habitation of the other."

The remaining testimony of the libelant to be noticed, is to the effect that in October, 1910, he was living in a very nice house in Bensonhurst, a suburb of Brooklyn, and that he wrote to his wife a letter, of which he produced a letterpress copy at the hearing before the master, asking her and,

their daughter to come and live with him there, and that she made no reply to the letter. The argument from this testimony is that her failure to reply to the letter was, in effect, a refusal of his offer, and that this refusal, taken in connection with her previous conduct, amounted to willful and malicious desertion. It may be conceded that a husband has a right to change his home if his business, his comfort, or his convenience requires it, if he provides another suitable place of residence; and if his wife refuses to accompany him to the new home, without cause, her refusal constitutes a desertion for which a divorce would be decreed: Beck v. Beck, 163 Pa. 649. But we cannot agree with the appellant's counsel that the evidence brings the present case within that principle. The respondent's supposed refusal to take up her abode with the libelant at Bensonhurst rests exclusively on her failure to reply to a certain letter which he says he wrote to her. To make this proof complete, or even prima facie, it was incumbent upon the libelant to introduce evidence sufficient to support a finding that the letter was received by her. True, the fact of depositing in the postoffice or in the proper mail box a properly addressed prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail; in other words, it is prima facie evidence that it was received by the person to whom it was addressed. But there was no evidence that the letter in question was mailed, and no other evidence that it actually came to the respondent's hand, or even that she knew that he had taken up his residence in Bensonhurst. The case having been permitted to go to final hearing in that condition, notwithstanding this vital defect of proof was called attention to by the master in his report, there was no ground for inferring a willful and malicious desertion from the respondent's failure to reply to the letter which the libelant says he wrote.

While the Act of June 8, 1911, P. L. 720, makes the libelant a fully competent witness to prove the fact of

desertion, though the respondent was not personally served with the subpœna and does not reside within the commonwealth, yet where the case rests on his uncorroborated testimony there is particular reason for scrutinizing it with extreme care and for requiring strict proof of every essential fact. Thus viewing the case, we concur with the court below in the conclusion that the testimony of the libelant does not warrant a finding that the respondent deserted him.

The decree is affirmed and the libel is dismissed at the costs of the libelant.