# Randolph, Appellant, *v.* Randolph.

*Divorce—Confession—Evidence—Refusal of divorce.*

1. A divorce will not be granted solely upon the confession by one of the parties to an act of marital disloyalty.

2. An alleged confession made by a wife in nonsupport proceedings will not support a libel for divorce, where it appears that the language used by the wife was uncertain, vague and ambiguous, and capable of being interpreted in different ways.

Argued Oct. 21, 1914. Appeal, No. 169, Oct. T., 1914, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1912, No. 548, dismissing libel in divorce in case of Charles P. Randolph v. Lillian E. Randolph. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Libel for divorce.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the libel.

*Henry Spalding,* with him *Frank Mergenthaler,* for appellant.—Where the confession is made under circumstances which show that it is free from the suspicion of collusion, and is made freely and without coercion, it is ranked among the highest and best evidence that can be produced: Williams v. Williams, 13 L. T. Rep. (N. S.) 610; Baker v. Baker, 13 Cal. 87; Harrison v. Harrison, 4 Moore P. C. 96.

*Francis M. McAdams,* with him *William H. Wilson,* for appellee.

The law of the state of Pennsylvania is clearly to the effect that a divorce cannot be granted on a confession alone: Ritchie v. Ritchie, 6 Pa. Dist. Rep. 406; Matchin v. Matchin, 6 Pa. 332.

OPINION BY ORLADY, J., April 11, 1915:

The master in this case hinges his conclusion of law on the answer to the query, "The libelant bases his right to a divorce upon the ground that the wife made a confession in open court under oath in a judicial proceeding in which she was pecuniarily interested. Is he entitled to a divorce upon the establishment of such a confession?"—and decided that the confession was sufficiently definite to justify a decree of divorce.

After a careful examination of this record we affirm the decree made by the court below in sustaining the exceptions to the report of the master, and dismissing the libel.

While the action of a master in divorce is merely advisory to the court, Edgar v. Edgar, 23 Pa. Superior Ct. 220, it is to be regretted that the court below did not furnish us with the reasons for his conclusions in an opinion filed, as has been frequently urged as being the proper practice in such cases, Howe v. Howe, 16 Pa. Superior Ct. 193; and our consideration of this appeal, without returning the record for action by the court below, is not to be treated as our waiving the rule announced in Middleton v. Middleton, 187 Pa. 612. The cause of divorce was explicitly averred and as positively denied.

It is an undoubted principle of law that a divorce will not be granted solely upon the confession by one of the parties to any act of marital disloyalty. The frailty of human nature which prompts such a confession for the purpose of arousing the jealousy or ire of the other party to the marital state, or for the more sinister purpose of driving the other party to seek a divorce, has caused the courts to scrutinize such confessions with great caution to ascertain whether or not they were obtained by fraud, coercion or collusion, and to avail in a case such as presented by this record, it should be clear and free of any uncertainty as to words used by the party or the meaning intended to be given

to them: See 2 Kent's Comm. sec. 98; 2 Bishop on Marriage, etc., secs. 718, 720; Brown on Divorce, 60, 184.

The meager and conflicting testimony in regard to the admission or confession of the respondent at a hearing had in a non support proceeding, lacks the degree of certainty that is required by our law to warrant the court in granting a divorce. The same testimony, when examined by the master and the court below, produced directly opposite conclusions, and our examination of it leaves in grave doubt the vital question as to what the wife meant in her reply to the inquiry from the judge who heard the non support case. Nor does the judgment he then entered aid us in determining it. The proceeding may have been dismissed on account of the confessed transgression of the wife or for the reason suggested by the present appellant, "As both children were out of the state, the only thing was to bring them in and have me arrested for non support." The witnesses disagreed in important details and the conclusion reached by the lower court was necessarily one of law as to the insufficient affirmative proof on which to found a decree.

The order is affirmed.