## Tobin v. Tobin, Appellant.

*Divorce—Cruel and barbarous treatment—Indignities to person —Evidence.*

In a proceeding for divorce, where the respondent appears and in good faith contests the granting of the divorce, and the libellant testifies to matters sustaining the charge of cruelty and indignities, and many of these matters are not denied by the respondent, who takes the witness stand in his defense, if these matters undenied will sustain the charge contained in the libel, it is proper to enter a decree therefor though they lack corroboration.

Argued March 4, 1915.   Appeal, No. 44, March T., 1915, by defendant, from decree of C. P. Lackawanna Co., March T., 1914, No. 790, granting divorce in case of Eliza M. Tobin v. John J. Tobin.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

476, (1915).] · Assignment of Error—Opinion of the Court.

Libel for divorce.    Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree of the court. ·

*C. A. Battenberg,* for appellant.—Our courts have held in a long line of cases that a single indignity to the person is not sufficient in itself to entitle a libellant to divorce for cruel and barbarous treatment.    There must be evidence of such continued treatment as renders the wife's condition intolerable and life burdensome: Krug v. Krug, 22 Pa. Superior Ct. 572; Roth v. Roth, 15 Pa. Superior Ct. 192; Selly v. Selly, 24 Pa. C. C. R. 286; Bloom v. Bloom, 22 Pa. C. C. R. 433; May v. May, 62 Pa. 206; Stevens v. Stevens, 32 Pa. C. C. R. 414.

OPINION BY KEPHART, J., July 21, 1915:

Was there sufficient evidence to support the decree entered?    In a proceeding for divorce, where the respondent appears and in good faith contests the granting of the divorce, and the libellant testifies to matters sustaining the charge of cruelty and indignities, and many of these matters are not denied by the respondent, who takes the witness stand in his defense, if these matters undenied will sustain the charge contained in the libel, it is proper to enter a decree therefor though they lack corroboration.    The libellant, the wife, testified that the husband had been many times guilty of improper conduct with immoral women, that he constantly called her vile and abusive names, that he had contracted a loathsome disease, and she had been compelled to seek assistance from strangers on account of his behavior, that she was compelled to have him bound over to keep the peace. These facts were not denied by the husband in his testimony.    It is true that her testimony as to threats and actual violence is denied by him, but in view of the uncontradicted evidence of the libellant and other testi-

mony of threats and violence, the scales of doubt would be turned in favor of the wife as to these charges. The trial court committed no error in entering a decree of divorce.

The assignments of error are overruled and the decree is affirmed at the cost of the appellant.