## Heimer *v.* Heimer, Appellant.

*Divorce—Adultery—Condonation—Evidence.*

A divorce will not be granted to a husband on account of adultery alleged to have been committed by the wife with the libellant's business partner, where there is no direct proof of the act, and both the wife and correspondent deny any guilty act, and it appears from the husband's own testimony, that with ample knowledge of the facts and possible reason to suspect his wife of infidelity, he permitted her, for business considerations, to continue in peril.

Argued Dec. 8, 1915. Appeal, No. 248, Oct. T., 1915, by defendant, from decree of C. P. Lehigh Co., Jan. T., 1915, No. 23, awarding divorce in case of George A. Heimer v. Eva S. Heimer. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Libel for divorce.
The opinion of the Superior Court states the facts.

*Error assigned* was the decree of the court.

*W. H. Kirkpartick,* of *Kirkpatrick & Maxwell,* with him *Fred B. Gernerd,* for appellant.—The libel should have been dismissed: Ginther v. Ginther, 15 Pa. C. C. R. 130; Garr v. Garr, 19 Pa. C. C. R. 502; Talley v. Talley, 215 Pa. 281; Best v. Best, 161 Pa. 515; Costello v. Costello, 191 Pa. 379; Steiger v. Steiger, 41 Pa. C. C. R. 164; Buys v. Buys, 56 Pa. Superior Ct. 338; Aikens v. Aikens, 57 Pa. Superior Ct. 424; Schulze v. Schulze, 33 Pa. Superior Ct. 325; Middleton v. Middleton, 187 Pa. 612; Thompson v. Thompson, 50 Pa. Superior Ct. 159; Biddle v. Biddle, 50 Pa. Superior Ct. 30; Fay v. Fay, 27 Pa. Superior Ct. 328; McClurg's App., 66 Pa. 366.

*L. H. Rupp,* of *Butz & Rupp,* for appellee, cited: Gruninger v. Gruninger, 190 Pa. 633; Talley v. Talley, 215 Pa. 285; McCune v. McCune, 31 Pa. Superior Ct. 248; Gosser v. Gosser, 183 Pa. 499; Edgar v. Edgar, 23 Pa. Superior Ct. 220; Howe v. Howe, 16 Pa. Superior Ct. 193; Rishel v. Rishel, 24 Pa. Superior Ct. 303; Fay v. Fay, 27 Pa. Superior Ct. 328.

Opinion by Orlady, P. J., July 18, 1916:

In Biddle v. Biddle, 50 Pa. Superior Ct. 32, this court said by Henderson, J.: "It has been held by the Supreme Court ever since the passage of the Act of 1815, to be incumbent on it, to review the testimony and determine whether it sustained the complaint of the libellant on an appeal from a decree for a divorce, except in cases where there was an issue and a jury trial, and that rule governs this court also in the consideration of cases of this class. We are called on to give careful consideration to the evidence to ascertain whether it is sufficient to establish the statutory grounds for a divorce, and this for the reason as was said in Richards v. Richards, 37 Pa. 225, that divorce ought not to be easily obtained, and the marriage relation should never be dissolved without clear proof of imperious reasons. A report of an examiner and the judgment of the court do not carry with them the presumption of correctness which arises in a case of the findings of an auditor or master, and the confirmation thereof by the court below in an equitable proceeding. We must therefore examine the evidence with reference to its bearing on the averments of the complainant as set forth in the libel." The importance of a strict adherence to this rule is emphasized by the apparent increase of divorce cases. In Fay v. Fay, 27 Pa. Superior Ct. 328; Schulze v. Schulze, 33 Pa. Superior Ct. 326; Thompson v. Thompson, 50 Pa. Superior Ct. 160, and a number of others we have rigidly followed the suggestion of the Supreme Court in Middleton v. Middleton, 187 Pa. 612—"the whole legislation on the subject

clearly intends, that the court shall not shift the duty of finding the facts to an appointee, whether the marital contract shall be severed is the gravest of questions, not alone to the parties, but to the state, for the social structure rests upon it. It never was intended that judicial function should in any material degree be relinquished by conducting the proceedings before a master in his office, or that weighty judicial responsibility should be evaded by shifting it over to a member of the bar."

The court below, in an opinion granting a decree in divorce, says: "After a careful examination of the notes of testimony we reach the conclusion that the exceptions to the master's report cannot be sustained. The master went into the matter thoroughly, and his report is complete in every detail. While the testimony is circumstantial, it fully warrants the conclusion reached by the master and examiner. His report is so full and convincing that the court adopts the same in its entirety." We have given careful examination to the testimony and arrive at the opposite conclusion.

The libellant and corespondent were partners in an automobile supply business, and their personal intimacy was such that the corespondent was frequently in libellant's home as a guest or visitor. The friendliness between the alleged guilty parties was continued by the encouragement of the libellant for more than a year after his "suspicions were aroused," during which time he frequently had the corespondent in his home on terms of confidential intimacy.

He specifies a number of instances, during this year of doubt, each of which should be as convincing as the one which induced him to separate from his wife, and gives as his sole reason for not taking definite action, that "we were engaged in business and I did not want to have a rupture between us." Even after he had full knowledge of all the suspicious circumstances of intimacy, he was asked, "You didn't object, he answered, 'I had a cause not to object,'—'You never said anything to her about it'

HEIMER v. HEIMER, Appellant. 479

476, (1916).]          Opinion of the Court.

he replied, 'He and I were interested in business, as partners, and while he was there in the day time, he had the bank account in his hands and the greater part of it was my money.  I didn't feel like telling her about these errors.' "

From libellant's testimony it clearly appears that he regarded his business investments of higher importance than safeguarding his own or his wife's honor.  We concur in the conclusion of the master, "We cannot refrain from expressing our disapproval of his attitude of silent and sulking complacency, and his policy of watchful waiting under conditions that would incite the average man to activity, if not to violence.  Had the libellant more red in his blood and less yellow in his vertebra, it is probable that this domestic tragedy would have been averted."

It is conceded that there is no direct proof in support of the allegation, and that the circumstances relied on to sustain it are of very doubtful value.  In regard to these the master says, "Even though we are able to believe that the respondent is guiltless of the offense alleged, it would still remain that her defiance of public opinion, her contempt of social convention, and her indifference to the outward appearance of decency were hardly less culpable, ethically, if not legally than would have been the violation of her marital vows."

The acts of assembly define the acts for which a divorce may be granted, and, we are not called upon to answer the reasoning of the master, but in following the many decisions of our appellate court, we are convinced that this record does not present—the clear proof of imperious reasons;—a preponderance of evidence;—strict proof of every essential fact,—as has been required in Buys v. Buys, 56 Pa. Superior Ct. 338; Aikens v. Aikens, 57 Pa. Superior Ct. 424.

It may well be that the wife was guilty of such imprudence as to justify grave suspicions of her readiness to do wrong, but the evidence as clearly shows, that with

ample knowledge of the facts and possible reason to suspect her of infidelity, the husband, for business considerations, allowed her to continue in peril,—and, suspicion does not take the place of evidence, and without clear proof of her guilt, we cannot act.

This lack of affirmative evidence of guilt, supplemented by his admission of a continuance of his marital intimacy with his wife to within a week of the separation, still further lowers the grade of the proof he relies upon, —Best v. Best, 161 Pa. 515; Costello v. Costello, 191 Pa. 379; Talley v. Talley, 215 Pa. 285, and taken in connection with the absolute denial by the wife and corespondent of any wrongdoing, we conclude that he has not sustained the allegation in his libel.

The decree is reversed, and the libel is dismissed, at the costs of the libellant.