## Noll v. Noll, Appellant.

*Divorce—Practice—Exceptions to master's report—Opinion by court—Remission of record for opinion.*

An affirmance of a master's report in an action of divorce, and the dismissal of exceptions thereto, should be supported by an opinion of the court below giving the reasons for making its decree.

To enable the appellate court to pass intelligently upon the errors alleged to have been committed, in granting the divorce, an opinion by the lower court is essential, and in the absence of the same, the record will be remitted that an opinion may be filed.

Argued March 10, 1919. Appeal, No. 13, March T., 1919, by respondent, from decree of C. P. Snyder County, Oct. T., 1917, No. 4, granting divorce in the case of Arthur F. Noll v. Jennie May Noll. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Libel in divorce. Before JOHNSON, P. J.

The case was referred to E. E. Pauling, Esq., as master, who recommended a decree in favor of libelant.

Exceptions were filed to the report of the master, which were dismissed by the court below without an opinion. The court entered a decree in divorce.

*Error assigned* was the decree of the court.

*Charles P. Ulrich* and *Benjamin H. Houseworth,* for appellant: It was the duty of the court below to file an opinion: Howe v. Howe, 16 Pa. Superior Ct. 193; Henderson v. Henderson, 35 Pa. Superior Ct. 629; Reed v. Reed, 30 Pa. Superior Ct. 229; Thompson v. Thompson, 50 Pa. Superior Ct. 159; Moore v. Moore, 26 C. C. 604; Pomeroy v. Pomeroy, 11 Dist. Rep. 299.

*A. Francis Gilbert,* and with him *Harry A. Coryell,* for appellee.

PER CURIAM, July 17, 1919:

In this action of divorce a master was appointed, a hearing had before him and report made involving a number of important controverted questions. Exceptions were filed and a decree entered dismissing the exceptions. While in the decree it is formally stated that "it is upon consideration by the court," we are not favored with any opinion disposing of the exceptions.

To enable this court to pass intelligently upon the error alleged to have been committed by the court below in entering a decree for the libelant, there ought to be an opinion from said court giving its reason or reasons for entering said decree. The duty of the judge in the court below in such cases has been declared by both appellate courts: Middleton v. Middleton, 187 Pa. 612; Howe v. Howe, 16 Pa. Superior Ct. 193; Edgar v. Edgar, 23 Pa. Superior Ct. 220; Randolph v. Randolph, 59 Pa. Superior Ct. 377; Naylor v. Naylor, 59 Pa. Superior Ct. 547; Heiner v. Heiner, 63 Pa. Superior Ct. 476. It is therefore ordered that the record be remitted, that such an opinion may be filed.