## Gold, Appellant, *v.* Gold.

*Divorce—Cruel and barbarous treatment—Sexual relations—Incapacity for procreation—Evidence.*

In an action for divorce on the ground of cruel and barbarous treatment, the evidence of the libellant was that because of malformation she was incapable of sexual intercourse, and that the attempts of her husband to have marital relations with her constituted cruel and barbarous treatment.

Expert evidence of various physicians was produced to corroborate the allegations of the libellant.

The respondent denied the allegations of the libellant and also produced medical testimony to support his position.

*Held,* reversing the master's recommendation, that there was not sufficient evidence to warrant the granting of the divorce.

Argued March 1, 1920.  Appeal, No. 18, March T., 1920, by libellant, from decree of C. P. Luzerne County, March T., 1915, No. 240, dismissing libel in divorce in the case of Rebecca Gold v. Nathan Gold.  Before Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

70, (1920).]  Statement of Facts—Opinion of the Court.

Libel for divorce on the ground of cruel and barbarous treatment.  Before GARMAN, J.

The case was referred to John R. Sharpless, Esq.; who recommended the granting of a divorce.

Upon exceptions to the master's report, the court sustained the exceptions and dismissed the libel.  Libellant appealed.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*John H. Bigelow,* and with him *Joseph O'Brien,* for appellant, cited: Act of March 13, 1815 (1 Purdon, page 1230); King v. King, 22 Pa. Superior Ct. 572; Elmes v. Elmes, 9 Pa. 167; English v. English, 27 N. J. Eq. 579; Moore v. Moore, 1 C. E. Green, N. J. 275.

*Abram Salsburg,* and with him *Mose H. Salsburg,* for appellee, cited: Richards v. Richards, 37 Pa. 225; Heimer v. Heimer, 63 Pa. Superior Ct. 476; Buys v. Buys, 56 Pa. Superior Ct. 338; Aikens v. Aikens, 57 Pa. Superior Ct. 424; Greenlees v. Greenlees, 46 County Court Reports 549; Cantor v. Cantor, 70 Pa. Superior Ct. 108.

OPINION BY HENDERSON, J., April 24, 1920:

The cruelty and indignities which the complainant sets forth as her cause of action and supports by her testimony she undertakes to further establish by the testimony of three physicians who examined her and who described the physical defects which, because of her husband's conduct, contributed to her distress and unhappiness.  The medical evidence presented by her supports her averment of a deformity which might account for the injuries alleged to have been suffered.  It is also in evidence that she consulted three other physicians long before her separation from her husband as she alleges for the purpose of securing surgical aid.  A considerable part of the evidence in support of the case

relates to her capacity of procreation, but this is not a cause of divorce available to her and the evidence bearing thereon is not corroborative of that relating to the charges of cruelty and indignities to the person. The case rests therefore on the evidence supporting these causes of complaint. The respondent denied all of the material averments of the libel, and alleged that his wife's resort to the physicians was for treatment which might render procreation possible. He is supported by the testimony of Dr. Montgomery who examined the complainant while the parties were living together and testified that on an examination he did not find any physical deformity nor any anatomical explanation of the complaints of pain made by the appellant. It is unnecessary to enter into consideration in detail of the evidence offered in support of the complainant and on behalf of the respondent. That was done by the learned judge of the court below. The court was not satisfied the complaint had been well established. We have carefully examined all of the evidence with the assistance of the arguments of the learned counsel of the respective litigants and from this examination we are not convinced that the court erred in the conclusion arrived at. The importance of the marriage relation not only to the parties, but also to the public, demands that actions of divorce be supported by clear and strict evidence and that the identical cause of complaint be sustained. The case is not to be disposed of on a doubtful cast of the balance, but by such proofs as satisfy the mind of the truth of the complainant's averments. The number of witnesses testifying in support of or against the action may have weight in the mind of the trial judge, but is not necessarily a determining factor in disposing of the case. The three physicians called by the complainant expressed their opinions fully and clearly. The evidence on the other side was as direct and with the same opportunity of ascertaining the facts. Under such circumstances the court might well be left in doubt on the sub-

ject. The circumstances of Mrs. Gold's departure from her home and the letter written to her husband soon afterward from New York must necessarily have influenced the court in arriving at a conclusion with respect to the real cause of her dissatisfaction with her husband, or at least have caused great doubt as to the bona fides of her complaint. In filing her libel she assumed the burden of showing to the court by sufficient evidence that her cause of action existed in fact. We are not convinced that she has successfully discharged this burden.

The decree is affirmed at the cost of the appellant.