## McIntyre v. McIntyre.

*Husband and wife—Divorce—Desertion—Separation by mutual consent—Non-support.*

1. Divorce on the ground of desertion will not be granted where respondent, when he left home, told libellant he was leaving her and that at any time she wanted her freedom she was welcome to it, and that he would lead his own kind of life, and libellant did not remonstrate with respondent or object to his going, remained in the apartment one week thereafter, and then went to live with her mother, and made no attempt to effect a reconciliation.

2. The fact that respondent never supported libellant, who was forced to work to pay household expenses, is immaterial, since non-support is not desertion.

Libel in divorce. C. P. Schuylkill Co., Nov. T., 1926, No. 123.

*J. F. Mahoney*, for libellant.

BERGER, J., Feb. 7, 1927.—This is an action of divorce on the ground of desertion. Although no exceptions have been filed to the report of the master recommending a decree, it is, nevertheless, the duty of the court to consider all the evidence, and if, in its opinion, it is insufficient to justify a divorce, to refuse the decree. The parties lived in Pottsville, Pa., and were married at Elkton, Md., Aug. 4, 1920. They lived together thereafter at various places in Philadelphia until their separation July 13, 1924. The recommendation of the master is based upon his 7th, 8th and 9th findings of fact, which are fully supported by the evidence, and are as follows:

"7. The testimony discloses that during the time that libellant and respondent lived together, he never supported her. That the only money he ever gave her was $12 a week for the period of time between October, 1923, and July 13, 1924. That it was necessary for the libellant to work in order to pay the necessary household expenses. The respondent was shiftless, did not work steadily, and the money that he did earn he spent at pool-rooms and gambling. He liked night life, and when the libellant complained of his staying out all night, he would quarrel with her. Respondent never seemed to realize the duty that he owed to his wife, and never was contented.

"8. That, on July 13, 1924, after the libellant had returned from church and was sitting in the sitting-room, respondent came downstairs with his grips and told the libellant that he was leaving and that any time that she would want her freedom she was welcome to it, and said that he was leading his kind of a life and was going to continue so to do. Respondent left the house of libellant and never returned.

"9. That since the day that respondent left libellant, to wit, July 13, 1924, he has never lived or cohabited with her nor has he contributed to her support."

McIntyre v. McIntyre.

The parties lived in a two-room apartment at No. 1925 West Parrish Street, Philadelphia, at the time of their separation. The libellant did not remonstrate with her husband when he left her, but remained in the apartment one week thereafter, and then returned to Pottsville to her mother, where she has since lived. The master has found (3rd finding of fact) that the last known place of respondent's residence was Philadelphia, and, so far as the evidence shows, the parties had no communication with each other after their separation. The docket entries attached to the master's report, nevertheless, show that the subpœna in divorce issued on Sept. 20, 1926, and that personal service was made upon the respondent on Sept. 21, 1926, in the office of the Sheriff of Schuylkill County.

Mrs. Lena G. Groome, the owner of the apartment where the parties lived at the time of their separation, was the only witness called by the libellant. The only material part of her testimony is as follows: "I recall the morning he (the respondent) left. It was on a Sunday morning in July. He had his two grips with him. Mrs. McIntyre stayed at this place for a week after he left, and then she left. Two or three weeks after she left, he came back and took some things of his that he had in the basement. He took them away in a small auto-truck. . . . When he came back the second time with the truck to take his belongings that he had in the basement, he merely asked permission to get those things and made no inquiry about his wife." A divorce may be granted on the uncorroborated testimony of a libellant (Act of April 21, 1915, P. L. 154), but the courts will scrutinize it with extreme care and will require strict proof of every essential fact in such cases: Buys v. Buys, 56 Pa. Superior Ct. 338, 342; Heimer v. Heimer, 63 Pa. Superior Ct. 476, 479. Proof of the alleged wilful and malicious nature of the desertion charged is confined to the libellant's testimony in this case, and a careful scrutiny of her testimony and of her conduct and that of her husband leads irresistibly to the conclusion that their separation on July 13, 1924, was by mutual consent. A mutual consent that will prevent a divorce on the ground of desertion may be inferred from the conduct of the parties and need not be put in the form of a solemn agreement, and where it appears that there was no attempt on the part of the libellant to relieve the situation and to open the way for a resumption of the marital relation, the conclusion is justifiable that the libellant did not care for its continuance: Sternberg v. Sternberg, 73 Pa. Superior Ct. 328, 330; Bracken v. Bracken, 77 Pa. Superior Ct. 219, 221; Price v. Price, 83 Pa. Superior Ct. 446, 448. The intent to desert is rebutted where the separation is encouraged by either party or is by mutual consent: Hartner v. Hartner, 75 Pa. Superior Ct. 342, 344; Lane v. Lane, 81 Pa. Superior Ct. 494, 496. Nor is evidence that the husband failed to provide for his wife sufficient to warrant the granting of a decree in divorce. Non-support is not desertion: Knipe v. Knipe, 84 Pa. Superior Ct. 451, 453. Moreover, the importance of the marriage relation, not only to the parties but also to the public, demands that actions of divorce be supported by clear and strict evidence, and cases are not to be disposed of on a doubtful cast of the balance, but only by such proofs as satisfy the mind of the truth of the complainant's averments: Gold v. Gold, 74 Pa. Superior Ct. 70, 72: Altwater v. Altwater, 81 Pa. Superior Ct. 359, 361. In our opinion, the evidence in this case is more consistent with a separation by the mutual consent of the parties than with wilful and malicious desertion. Separation is not desertion. The decree is, therefore, refused.

Libel dismissed, at the cost of the libellant.

From M. M. Burke, Shenandoah, Pa.