## Good *v.* Good, Appellant.

Argued April 27, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Clyde P. Bailey,* and with him *Wm. J. Graham,* for appellant.

*Drayton Heard* of *Heard & Heard,* and with him *Charles D. Coll,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

In this divorce case, the wife is charged in the libel

with wilful and malicious desertion on November 15, 1919, persisted in for more than two years. After hearing, the court below granted an absolute divorce and the respondent has appealed.

The parties were married in 1900 and lived together at Pittsburgh until 1915. There was one child born to them, a daughter nineteen years of age at the time of the hearing. In 1915, the wife went to Buffalo to her mother's home and took with her the daughter. The husband followed and worked and lived at Blaisdale for about six months when the husband and wife secured a boarding place in Buffalo, remaining there for about six months and then going to live with the mother of respondent in that city. The wife stated that he did not join her until she hunted him up at the plant at which he was working.

We are all of the opinion that the decree must be reversed. The evidence produced by libellant to sustain the charge was neither clear nor satisfactory and was not of sufficient weight to support the decree. His testimony was unsupported and was shaken by the contradictory evidence of the respondent and the daughter. He testified that he left Buffalo in 1920 because the mill in which he had worked shut down and he could secure again a position on the police force at Pittsburgh. He further stated that the respondent said she did not wish to go to Pittsburgh as "it was dirty." He admitted, however, on cross-examination that he promised to send for her, but that the only request he made to her to join him in Pittsburgh was through his daughter. He did not claim to have provided a home for his famliy after his return to Pittsburgh. The wife replied that when he left Buffalo he said he would send for her when he got a place for her in Pittsburgh but never did so, and that she wrote him eight or nine times saying she would come when he had a place for her. She is corroborated by their

daughter as to his promise to send for her and as to his failure to do so. On this vital point the weight of the evidence is decidedly with the respondent. It was the duty of the husband to have a place ready for his wife when he sent for her. He had a position on the police force and, therefore, had no excuse for a failure to provide a home for the wife and child.

The burden of proof is upon the libellant to establish every essential fact by clear and satisfactory proofs which it is our duty to scrutinize with proper care: Buys v. Buys, 56 Pa. Superior Ct. 338; Aikens v. Aikens, 57 Pa. Superior Ct. 424; Dailey v. Dailey, 105 Pa. Superior Ct. 461, 161 A. 475; Picciano v. Picciano, 110 Pa. Superior Ct. 189, 168 A. 488. "A decree may be supported by the testimony of the complainant alone, but if this testimony be contradicted and shaken by the respondent and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out": Rommel v. Rommel, 87 Pa. Superior Ct. 511, 513.

We have frequently said, in a discussion of the character of evidence that should be produced in a divorce case, that general statements are of little evidential value and are not persuasive. Libellant stated, for example, that he tried to get his wife to live with him and was not successful. To be of force, he should have stated the substance of the conversation, produced the writing, or, if it was lost and such loss was accounted for, he should have given the substance of the request, the time when made, and other circumstances that would enable the opposite party to make answer. He failed to furnish such information and, as a result, his own evidence was neither clear nor satisfactory.

The decree of the court below is reversed at the cost of the appellee.