## LeMonn v. LeMonn

*Robert E. Bittner*, for libellant.

HENNINGER, J., March 23, 1936.—Libellant sued respondent for divorce on the ground of desertion, which occurred on April 1, 1932, in Newark, N. J. His own testimony clearly fixed the blame for separation upon respondent, and the only other witness was his present landlady, who established the fact that respondent had not resided with libellant during his residence in Allentown, Pa., since May 1, 1934.

Under section 50 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §50, the libellant is competent to prove all of the facts though the respondent may not reside in

the Commonwealth and may not have had personal service of the subpœna. It is equally clear that a divorce may be granted upon the uncorroborated testimony of the libellant if that is clear, specific, and convincing: Tobin v. Tobin, 60 Pa. Superior Ct. 476. Courts will, however, scrutinize it with extreme care and will require strict proof of every essential fact: Buys v. Buys, 56 Pa. Superior Ct. 338.

In this case, libellant's testimony as to the cause of separation is convincing and makes out a clear case. If respondent, knowing of the pendency of this case, had made no effort to contest, we would accept the master's recommendation without hesitation. Such failure to contest might, in the absence of any indications of collusion, be construed as an admission of fault.

In the absence of any knowledge of the suit, her silence adds no significance to libellant's testimony as to the circumstances attending their separation, and we feel that corroborating testimony on the part of disinterested witnesses should be had.

The main difficulty in this case is a misconception as to the meaning of the words "last known residence" in our Rule 106, requiring an averment to that effect in the libel. Libellant, in the libel, gives their former marital domicile from which respondent deserted as her last known residence, and it is probably true that there is no certainty as to her later residence elsewhere. The testimony, however, shows that, upon leaving, respondent stated she was going to her mother in Chicago, Ill. It further shows that both parties had lived with the mother only a few years before that time. Clearly, then, unless libellant had reason to suspect that respondent was deceiving him, he could assume that she carried out her intention to go to her mother's house, and that becomes her last known residence.

The rule requiring an averment as to last known residence should be so interpreted as to give the best infor-

mation available to enable knowledge of the institution of the suit to be actually communicated to respondent, although our service acts may not so require. A decree obtained after actual notice, though without personal service, is infinitely more stable than one obtained either innocently or surreptitiously without such notice.

Since libellant appears to have ample and just grounds for divorce, we will not dismiss the libel, but will insist upon a hearing of which respondent has notice, if reasonable investigation can provide a method of furnishing it.

. Now, March 23, 1936, the foregoing action in divorce is referred back to the master and examiner for further hearing, and for the purpose of affording respondent an opportunity to appear, if she sees fit to do so, at such hearing, reasonable notice of which shall be given her by registered mail.