Opinion by
 

 Parker, J.,
 

 Joseph Shilko filed a libel in divorce against his wife, Antoinette Shilko, alleging cruel and barbarous treatment and indignities, and a decree was entered by the court below granting the divorce on the ground of indignities. We are all of the opinion that the decree is not supported by evidence that is clear and satisfactory, as it is required to be:
 
 Buys v. Buys,
 
 56 Pa. Superior Ct. 338;
 
 Aikens v. Aikens,
 
 57 Pa. Superior Ct. 424;
 
 Picciano v. Picciano,
 
 110 Pa. Superior Ct. 189, 191, 168 A. 488;
 
 Good v. Good, 113
 
 Pa. Superior Ct. 592, 594, 173 A. 430.
 

 In divorce cases where there has not been a trial by jury, it is the duty of this court to consider all the evidence and determine independently whether the conclusion reached by the master or the court below is supported by such a preponderance of evidence as the law
 
 *397
 
 requires:
 
 Reinhardt v. Reinhardt,
 
 111 Pa. Superior Ct. 191, 193, 169 A. 108. Findings made by the court below or the master are entitled to consideration but have not the conclusiveness of those of an auditor or master in chancery approved by the court in banc:
 
 Apelian v. Apelian,
 
 111 Pa. Superior Ct. 208, 169 A. 454.
 

 This decree was entered a few days prior to the expiration of the term of office of the judge who heard the witnesses and no opinion was filed. Consequently, we have not the benefit of findings of fact or a discussion by the judge. We find the evidence in support of the decree very weak.
 

 The parties had each been married before and libellant had one child and respondent two children when they were married on April 28, 1931. They separated May 27, 1931. When the evidence was taken the libellant was 57 and the respondent 15, and libellant’s son had married respondent’s daughter.
 

 The libellant depended largely upon his own testimony to show that when they were living in the same house respondent refused at times to occupy his bed, that she swore at him, and that she accused him of having a venereal disease. We have a good picture of the situation with relation to swearing by quoting libellant’s own testimony: “Q. Was there any loud and boisterous language used or any swearing at that time? A. Certainly, she was swearing. Q. Did you do any swearing? A. Certainly, I gave her back. Q. You gave it back to her? A. Sure, she swore to me, and maybe I swore at her — ” This shows the style of language adopted by the parties themselves and does not indicate that the husband was of such a sensitive nature as to have his condition rendered intolerable by swearing. While there was some evidence to the effect that the wife had said her husband had a venereal disease, she denied that she had so stated. In addition, the admitted course of con
 
 *398
 
 duct of the parties would seem to sustain the wife’s testimony. The wife further testified that one of the witnesses who corroborated libellant in this respect had come to her after they separated and informed her that libellant had had a venereal disease. We were not impressed with the testimony of the corroborating witness.
 

 The evidence comes far short of establishing such a course of conduct by the wife as to render his condition intolerable and life burdensome. See
 
 Brown v. Brown,
 
 124 Pa. Superior Ct. 237, 188 A. 389;
 
 Sharp v. Sharp,
 
 106 Pa. Superior Ct. 33, 161 A. 453;
 
 Kett v. Kett,
 
 117 Pa. Superior Ct. 236, 177 A. 509. Not only so, but there was the testimony of the respondent and several witnesses to the effect that when the parties were living together the libellant was frequently intoxicated, and the wife attributed their troubles to that fact. Indignities provoked by the complaining party are no ground for divorce unless the retaliation is excessive:
 
 Richards v. Richards,
 
 37 Pa. 225, 228;
 
 Kerr v. Kerr,
 
 115 Pa. Superior Ct. 18, 22, 174 A. 820.
 

 The most that could be said for libellant’s evidence was that it showed incompatibility between the parties, but that is not a ground for divorce in this Commonwealth.
 

 The decree of the court below is reversed at the costs of the appellant.