## EMILIANO EBANIZ *v.* POTENCIANA EBANIZ.

### No. 2569.

Submitted September 25, 1944.     Decided October 13, 1944.

Kemp, C. J., Peters and Le Baron, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an appeal by the libelee from a decree of absolute divorce rendered in favor of the libelant after a contested trial in which the parties were the principal witnesses. The grounds alleged in the libel and upon which the decree was granted are those defined in para-

graph 8 of section 4460 of the Revised Laws of Hawaii 1935, as amended by Act 27, Session Laws 1935. They are that the libelee is guilty toward the libelant of "such cruel treatment, neglect or personal indignities, though not amounting to physical cruelty, continued over a course of not less than sixty days, as to render the life of the other [libelant] burdensome and intolerable and their further living together insupportable."

The appeal presents but one question. It is whether the libelant has sustained his burden of proof as a matter of law by evidence sufficient to warrant the granting of the decree.

Divorce is purely statutory, the circuit judges at chambers in this jurisdiction being permissively empowered "To hear and determine all matters of divorce, * * *" (R. L. H. 1935, § 3644, par. 2), but limited in power to grant divorce decrees for only those causes set forth by statute (R. L. H. 1935, § 4460) in the hearing of the libels of which there shall be required "exact legal proof upon every point." (R. L. H. 1935, § 4465.)

The requirement of exact legal proof is expressive of a libelant's burden to prove facts essential to the granting of the decree on the particular statutory grounds of divorce alleged in his libel by evidence that is not only probatively competent in a court of law but also strict, precise, full and marked by accuracy and thoroughness as connoted by the definition of the word "exact" in contradistinction to that which is scant and indefinite. It thus enjoins a greater exactitude of proof than in ordinary civil actions, presumably upon the theory that society has a greater interest at stake in the preservation of the marital status and the public policy of the law to hold the bond of marriage more inviolate than other forms of contracts. (See *Sisson* v. *Sisson*, 36 Haw. 606.) The meeting of such a requirement, therefore, becomes a criterion by which

justification of the instant decree may be determined, consonant to the general concept that evidence of grounds of divorce should be "clear and convincing" (*Sisson* v. *Sisson, supra*; see *Dailey* v. *Dailey*, 105 Pa. Super. 461, 161 Atl. 475; *Hepworth* v. *Hepworth*, 129 Pa. Super. 360, 195 Atl. 924) and comparable to the satisfaction of similar requirements of other jurisdictions such as that prevailing in Texas where a decree of divorce "shall be rendered upon full and satisfactory evidence." (Vernon's Tex. Stats. 1936, c. 4, art. 4632; see *Caldwell* v. *Caldwell*, [Tex. Civ. App.], 176 S. W. [2d] 758.)

. One fact essential to the grounds of divorce, provided by paragraph 8, *supra*, and alleged in the libelant's libel, is the element of a marital wrong which has been "continued over a course of not less than sixty days," whatever otherwise may be its nature and cumulative effect. Consequently, to determine whether the libelant has sustained his burden in this respect, no useful purpose would be served by a recitation of the evidence. Suffice it to say that the case for the libelant, as far as such element is concerned, rests entirely upon his general statements that the libelee is "always jealous," "always quarreling" and "always [falsely] accusing" him of improper relations with other women. In connection with such testimony, the libelant did not specify, qualify or explain the meaning intended by the use of the word "always." The occasions which he gave by way of illustration are in the main confined to a period of time considerably shorter than the minimum statutory period, the recital of which does not place the court in possession of details and circumstances fairly tending to establish a consistent frequency of behavior that endured for the prescribed period of time.

In the nature of things, bare statements of an emotional state, querulous conduct and accusatory behavior "always" existing, bespeak of an inherent improbability

if not of a physical impossibility. Consequently in the absence of facts tending to bring such an asserted situation into the realm of probability, the libelant's generalities are neither convincing nor persuasive. (See *McElnea* v. *McElnea*, 108 N. J. Eq. 4, 153 Atl. 644.) They appear to be but mere conclusions of the witness, possessing little if any evidentiary value, and whatever probative force they may have had is further depleted in the face of the libelee's testimony that she never was guilty of the misconduct attributed to her. (See *Good* v. *Good*, 113 Pa. Super. 592, 173 Atl. 430; *James* v. *James*, 126 Pa. Super. 479, 191 Atl. 191; *Mosher* v. *Mosher*, 149 Pa. Super. 422, 27 Atl. [2d] 448; *Schultz* v. *Schultz*, 46 Wyo. 121, 23 P. [2d] 351.) At best the case for the libelant, taken as a whole in a light most favorable to it, constitutes in our opinion (with due deference to the determination of the trial judge) but scant evidence of that persistency of conduct required by paragraph 8, *supra*, and thus falls short of that exactitude of proof required by section 4465 of the Revised Laws of Hawaii 1935.

The libelee, however, did not urge that the libelant be held to strict proof, nor on cross-examination expose the looseness of his statements. Neither was the lax character of the libelant's proof made the basis of a motion for dismissal or new trial. Hence, although obviously upon such an unsatisfactory state of the record it cannot be said as a matter of law that the burden of exact legal proof has been met, it likewise cannot be said that this court is in a position to determine what would attain upon a proper and more complete showing. Justice, therefore, requires a new trial.

The appeal is sustained and the cause remanded to the lower court with instructions to set aside the decree and grant a new trial in which exact legal proof shall be

required of the facts essential to the granting of a decree on the grounds of divorce alleged in the libel.

*J. F. Gilliland* for libelee-appellant.

*A. K. Trask* for libelant-appellee.