## Miller v. Miller

*Karl A. Wagner*, for libellant.

DAVIS, P. J., March 22, 1946.—Libellant filed her libel in divorce September 24, 1945, alleging that respondent, in violation of his marriage vows and the laws of this Commonwealth, has offered such indignities to the person of libellant as to render her condition intolerable and her life burdensome. A subpœna was duly issued and served by publication. In due course a master was appointed, hearing held and the master filed his report recommending a divorce a vinculo matrimonii. Libellant testified that she had lived in Matamoras, Pike County, Pa., since September 1, 1945. Her testimony as to residence was corroborated by Mrs. Edwin Lord, the person with whom she lived after coming from New York State to Pennsylvania. Libellant's testimony relating to the cause for divorce is not corroborated.

In every divorce case, whether or not it is contested, the burden of proof is on libellant to establish every

essential fact by clear proof of imperious reasons, and it is the duty of the court to scrutinize it with proper care: Dailey v. Dailey, 105 Pa. Superior Ct. 461, 466; Buys v. Buys, 56 Pa. Superior Ct. 338. It is well established that a libellant is a competent witness to prove all the facts and that a decree in divorce may be entered upon the testimony of libellant alone, provided the burden of proof is properly met by libellant's testimony. However, where the facts testified to by libellant are susceptible of corroboration and the corroboration witnesses are not called, it is the duty of the master and the court to carefully scrutinize libellant's testimony. Libellant complains that respondent failed to take her out, to give her money for clothes, that he went out with one Daisy Grant over a period of 10 years, that he frequently came home drunk and called libellant names, that several time he hit her in the face with his hand and four or five times made threats to kill libellant when the parties were arguing about Daisy Grant, and that this conduct by respondent affected libellant's nervous system, causing a loss of weight.

After a careful reading of the testimony, the court is unable to find that libellant has established the essential facts by clear proof. Much of the testimony was elicited by leading questions. Certainly a decree in divorce should not be based on this type of evidence, particularly when it is the evidence of libellant, an interested party. The courts have gone so far as to hold that evidence secured in response to leading questions may be disregarded: Kolopen v. Kolopen, 148 Pa. Superior Ct. 311, 314. There is even greater reason to disregard the testimony when in the normal course of affairs the facts testified to are susceptible of corroboration by other witnesses but these witnesses are not called to testify.

A hearing before a master is semi-judicial in nature. The master should insist that the general rules relating to evidence, and particularly the rule relating to lead-

ing questions, should be observed. The court appreciates that it is neither easy nor pleasant for a master to insist upon a strict compliance with the rules relating to evidence, nevertheless, it is an end greatly to be desired.

And now, March 22, 1946, the case is referred back to the master for the purpose of taking additional testimony if libellant so desires.

NOTE.—Additional testimony was received by the master, April 27, 1946, and on June 19, 1946, an additional master's report was filed and a decree of divorce entered by Judge Davis.